**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Smith, | No. CV-26-00208-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Dysart Unified School District, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Michelle Smith's Complaint (Doc. 1), Application for Leave to Proceed *In Forma Pauperis* (Doc. 2), and Motion for Status (Doc. 15).

**I.**

From what the Court can gather, this case centers around the Dysart Unified School District's alleged failure to accommodate Plaintiff's minor child's disabilities and the District's alleged unilateral withdrawal and denial of entry to said child. (Doc. 1 at 2-7.) On January 14, 2026, Plaintiff Michelle Smith filed her complaint, alleging that "despite knowledge of A.M.s disability-related needs, the District did not implement behavioral supports or accommodations to enable his participation in school." (*Id.* at 2.) Purportedly, "[t]he District and its employees. . . acting under color of state law, engaged in the denied access for A.M. entry, refused to allow him to attend school, and provided Plaintiff with documentation indicating that the District had unilaterally withdrawn the District's discretion." (*Id.* at 3.) (citation modified). The Complaint states that Defendant Cory

Montano, acting in her role as Special Education Director, "personally participated in the exclusion of A.M. from school." (*Id.* at 3.)

Ms. Smith names Dysart Unified School District and Cory Montano as defendants. (*Id.* at 1.) She raises the following claims:

> COUNT I – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)
> COUNT II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)
> COUNT III – Deprivation of Civil Rights (42 U.S.C. § 1983 – Fourteenth Amendment Due Process/Equal Protection)

(Doc. 1 at 7-9.)

**II.**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) indicates that she has insufficient funds to prepay the filing fee for this action. Accordingly, the Court will grant the Application (Doc. 2).The Court may screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).   Article III of the Constitution vests this Court with power to resolve cases or controversies, not questions. U.S. Const. Art. III, § 2, cl. 1; *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). The requirement that a plaintiff possesses standing follows from Article III's limited grant of jurisdiction, and that requirement ensures that a plaintiff is the "proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). To possess standing, three elements must be met: (1) "plaintiff must have suffered an injury in fact, . . . [(2)] there must be a causal connection between the injury and the conduct complained of[, (3)] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

. . . .

. . . .

- 2 -

**III.**

Here, Plaintiff, a non-attorney, is proceeding *pro se* "individually and as parent of A.M., a minor." (Doc. 1 at 1.) The Ninth Circuit has established binding precedent that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). The Ninth Circuit has reasoned that "it goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025) (quoting *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1992)). The Court must therefore dismiss the claims brought by Plaintiff on behalf of her child because Plaintiff is not represented by counsel. *Johns*, 114 F.3d at 876.

Furthermore, the Court must dismiss the claims brought by Plaintiff individually. Plaintiff fails to make any further factual allegations that she herself suffered an injury in fact that is fairly traceable to the challenged action of the defendant. *Lujan*, 504 U.S. at 560-61. Without a cognizable injury, Plaintiff lacks standing to bring any of her claims individually.

The Court will therefore dismiss Plaintiff's Complaint (Doc. 1) but grant Plaintiff leave to amend her Complaint to cure the deficiencies identified in this Order. If Plaintiff has not retained counsel at the time of filing her amended complaint, The Court will dismiss the claims brought on behalf of minor A.M. To sustain the claims that Plaintiff brings individually, she must adequately allege an injury in fact.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED** that, by **June 24, 2026**, Plaintiff may file an Amended Complaint as to the balance of her claims, if she can cure the defects identified in this Order.

. . . .

- 3 -

**IT IS FURTHER ORDERED** that if Plaintiff does not timely file an Amended Complaint, the Clerk shall dismiss this action without further Order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended complaint, it may not be served unless and until the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Status (Doc. 15) is **DENIED** as moot.

Dated this 3rd day of June, 2026.

Michael T. Liburdi
United States District Judge

- 4 -